IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Lionel Leo Hardy,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:14cv1382 (AJT/TCB) |
| ) | |
| **Director, Dep't of Corrections,** ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Lionel Leo Hardy, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of distribution of cocaine in the Circuit Court of Nottoway County. On November 25, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits.[1] Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he has filed no reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I. Background

On March 14, 2011, petitioner was convicted of distribution of cocaine. The facts underlying the conviction were described by the Court of Appeals of Virginia as follow:

> On September 28, 2009, [a confidential informant named] Carpenter
> agreed to make an undercover drug purchase targeting appellant's

---

[1] In the petition, respondent is identified as "Unknown." The Clerk will be directed to substitute petitioner's custodian, the Director of the Department of Corrections, as the proper respondent to this petition. See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004).

1


IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Lionel Leo Hardy,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv1382 (AJT/TCB) |
| | ) | |
| **Director, Dep't of Corrections,** | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Lionel Leo Hardy, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of distribution of cocaine in the Circuit Court of Nottoway County. On November 25, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits.[1] Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he has filed no reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I. Background

On March 14, 2011, petitioner was convicted of distribution of cocaine. The facts underlying the conviction were described by the Court of Appeals of Virginia as follow:

> On September 28, 2009, [a confidential informant named] Carpenter
> agreed to make an undercover drug purchase targeting appellant's

---

[1] In the petition, respondent is identified as "Unknown." The Clerk will be directed to substitute petitioner's custodian, the Director of the Department of Corrections, as the proper respondent to this petition. See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004).

> twin brother. Police officers met Carpenter behind a flea market in Crewe. Carpenter's girlfriend was with him. The officers searched Carpenter and his vehicle. The police hid an audio recording device in Carpenter's vehicle, under the seat. They also gave Carpenter a cell phone and twenty dollars to purchase drugs.
>
> Carpenter stopped his vehicle at a location in Blackstone. Carpenter used a pay telephone to call appellant's brother. Carpenter said he needed a "dub," meaning a twenty-dollar rock of cocaine. Carpenter arranged to meet appellant's brother at his grandfather's residence on Doswell Street. Carpenter then used the cell phone to call the police and advise them of the arrangement.
>
> The police followed Carpenter's vehicle and remained in the vicinity after he arrived at the Doswell Street location. Appellant's brother approached Carpenter's car, and talked to him briefly about a mutual acquaintance. Carpenter then held twenty dollars out the car window and said "what's up." Appellant's brother nodded to appellant, who was standing behind the car. Four or five other men were near a white Cadillac parked nearby, and were unloading guns from the trunk. Appellant took the money from Carpenter and handed him a piece of cocaine. Someone fired a gun in the air ten to twelve times as Carpenter drove away from the scene.
>
> The police met Carpenter at the Crewe flea market. Carpenter gave the police the cocaine he had purchased from appellant.

Hardy v. Commonwealth, R. No. 0619-11-2 (Va. App. Oct. 6, 2011), slip op. at 1-2, footnotes omitted. Petitioner received a sentence of fifteen (15) years imprisonment. Case No. CR10000079-00.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that: (1) the evidence was insufficient to sustain the conviction, and (2) the trial court erred in denying a motion to set aside the verdict where the Commonwealth withheld evidence that could have been used for impeachment. The Court of Appeals denied the petition for appeal on October 6, 2011, and the Supreme Court of Virginia refused a subsequent petition for appeal on the merits. Hardy

v. Commonwealth, R. No. 121764 (Va. Apr. 16, 2013).

On April 15, 2014, petitioner filed a petition for a writ of habeas in the Supreme Court of Virginia, raising the following claims:

> (A)(1): Counsel was ineffective because he failed adequately to research the admissibility of the certificate of analysis.
>
> (A)(2): Counsel was ineffective because he failed to call the technician who conducted the laboratory analysis as a witness.
>
> (A)(3): Counsel was ineffective because he failed to object to the admission of the certificate of analysis.
>
> (A)(4): Counsel was ineffective because he failed to file a post-trial motion to set aside the verdict.
>
> (B)(1): Petitioner's right to a fair trial was violated because he did not receive notice that the prosecutor intended to introduce a certificate of analysis into evidence, as required by Va. Code. § 19.2-187.1(A)(1).
>
> (B)(1): Petitioner's right to a fair trial was violated because he did not receive notice of his right to object to the admission of the certificate of analysis without the presence and testimony of the expert who performed the analysis pursuant to Va. Code. § 19.2-187.1(A)(2).

The Supreme Court of Virginia dismissed the petition on October 9, 2014. Hardy v. Clarke, R. No. 140614 (Va. Oct. 9, 2014).

Hardy then turned to the federal forum and timely filed the instant petition for relief pursuant to 28 U.S.C. § 2254 on October 15, 2014,[2] reiterating the same claims he made in his habeas petition to the Supreme Court of Virginia. As noted above, respondent has filed a Rule 5

---

[2] For federal purposes, a pleading submitted by an incarcerated pro se litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner states that he placed his petition in the prison mailing system on October 15, 2014. Pet. at 14. The Court received the petition on October 22, 2014. Pet. at 1.

Answer and a Motion to Dismiss the petition, and petitioner was given a chance to file a reply and opted not to do so. Accordingly, this matter is now ripe for disposition.

## II. Procedural Default

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Based upon these principles, petitioner's Claims B(1) and B(2), alleging trial court errors with regard to the certificate of analysis, are procedurally barred from federal review.

When petitioner raised the substance of Claims B(1) and B(2) in his state habeas corpus application, the Supreme Court of Virginia expressly found them to defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975) as "non-jurisdictional issues [that] could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." Hardy v. Clarke, supra, slip op. at 5. The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton

4

barred review of Claims B(1) and B(2) also precludes federal review of those claims. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. As petitioner has made no attempt to demonstrate either cause and prejudice or actual innocence, claims B(1) and B(2) are procedurally barred from consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims

themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In all of his federally-cognizable claims, petitioner asserts that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial

disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In claim (A)(1), petitioner argues that he received ineffective assistance of counsel when his lawyer failed adequately to research the admissibility of the certificate of analysis. When he made this same in his state habeas corpus action, the Supreme Court of Virginia rejected it on the following holding:

> In claim (A)(1), petitioner contends he was denied the effective assistance of counsel because counsel failed to conduct an adequate pre-trial investigation regarding the admissibility of the certificate of analysis. Petitioner contends that had counsel conducted such an investigation, counsel would have discovered the certificate of analysis was not in petitioner's name, but in the name of petitioner's twin brother, Lionell Lee Hardy.
>
> The Court holds that claim (A)(1) fails to satisfy the 'prejudice' prong of the two part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that on September 2, 2009, a police informant who knew petitioner and his brother, Lionell Lee Hardy, called petitioner's brother and arranged to purchase cocaine. When the informant arrived at the meeting place, Lionell Lee Hardy signaled petitioner, who took money from the informant and handed the informant cocaine. Petitioner and Lionell Lee Hardy were both prosecuted for their participation in the transaction, and Lionell Lee Hardy was charged and convicted first. Therefore, petitioner has failed to show that the certificate was inadmissible because it was in his brother's name. Thus petitioner has failed to show demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy v. Clarke, supra, slip op. at 1-2.

For the reasons which were clearly articulated by the Supreme Court of Virginia, petitioner has failed to carry his burden to demonstrate that his attorney's alleged lack of research of the admissibility of the certificate of analysis caused him to suffer prejudice. Because the Virginia court's determination was neither contrary to, nor an unreasonable application of, controlling federal law, Strickland, supra, and was not based on an unreasonable interpretation of the record facts, the same holding must be reached here. Williams, 529 U.S. at 412 - 13.

In claim (A)(2), petitioner argues that counsel provided ineffective assistance by failing to call the expert who conducted the laboratory analysis as a witness at trial. The Supreme Court of Virginia found no merit to this position, as follows:

> The Court holds that claim (A)(2) satisfies neither the 'performance' nor the 'prejudice' prong of the two part test enunciated in Strickland. Petitioner fails to proffer the analyst's expected testimony or to articulate how the analyst's testimony would have been beneficial to his case. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy v. Clarke, supra, slip op. at 2.

The Supreme Court of Virginia's foregoing holding was a reasonable application of the Strickland principles. In general, courts "are reluctant to find ineffective assistance based upon complaints regarding uncalled witnesses." Lenz v. True, 370 F.Supp.2d 446, 479 (W.D. Va. 2005). A petitioner cannot show that he was prejudiced by the absence of a witness' testimony unless he demonstrates "not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McClotter, 775 F.2d 595, 602 (5th Cir.

1985). Thus, where a petitioner fails to proffer precisely what testimony a missing witness would have provided and to supply an affidavit verifying that proffer, he does not meet his burden to demonstrate that counsel's performance was ineffective. See Makdessi v. Watson, 682 F. Supp. 2d 633, 654 (E.D. Va. 2010). Because the Supreme Court of Virginia's holding was factually reasonable and in accord with these controlling federal principles, its determination may not be disturbed here. Williams, 529 U.S. at 412-13.

In claim (A)(3), petitioner contends that counsel rendered ineffective assistance by failing to object to the admission of the certificate of analysis on the ground that it violated petitioner's Sixth Amendment right to confrontation. Specifically, he argues that at the time of his trial, admission of the certificate was barred by the Confrontation Clause as interpreted in Crawford v. Washington, 541 U.S. 36 (2004) and Melendez-Diaz v. Massachusetts, 577 U.S. 305 (2009). He further asserts that in Cypress v. Commonwealth, 280 Va. 305, 699 S.E.2d 206 (2010), the Supreme Court of Virginia declared unconstitutional the procedure set forth in Va. Code § 19.2-187.1, which allowed the introduction of a certificate of analysis in a criminal trial without the testimony of the analyst, on the ground that it did not adequately safeguard a defendant's confrontation rights. The Supreme Court of Virginia rejected petitioner's arguments, and explained as follows:

> The Court holds that claim (A)(3) satisfies neither the 'performance' nor the 'prejudice' prong of the two part test enunciated in Strickland. In Melendez-Diaz, the Supreme Court held that statutes similar to former Code § 19.2-187.1 were unconstitutional because the right to subpoena a witness was not an adequate substitute for the right of confrontation. The Melendez-Diaz Court, however, approved 'notice and demand' statutes, which require the prosecution to notify the defendant of its intent to use an analyst's report and his right to demand the analyst testify at trial. Shortly after Melendez-Diaz was

> decided, the Virginia General Assembly amended Code § 19.2-187.1 to require the Commonwealth to notify the defendant of its intent to offer a certificate of analysis into evidence and his right to object to the use of the certificate absent testimony from the analyst. Cypress, upon which petitioner relies, decided the constitutionality of former Code § 19.2-187.1. At the time of petitioner's trial, Code § 19.2-187.1 had been amended to comply with Melendez-Diaz. Thus, at the time of petitioner's trial, Code § 19.2-187.1 was a permissible 'notice-and-demand' statute. In addition, the record, including the July 29, 2010 notice the Commonwealth sent petitioner's counsel, demonstrates the Commonwealth complied with the notice and demand requirements of Code § 19.2-187.1. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy v. Clarke, supra, slip op. at 3-4.

As thoroughly explained by the Supreme Court of Virginia, petitioner's argument that his Confrontation Clause rights were violated by the admission of the certificate of analysis rests upon a misunderstanding. At the time of petitioner's trial, Va. Code § 19.2-187.1 had been amended to comply with the "notice and demand" structure approved by the Supreme Court in Melendez-Diaz. In fact, pursuant to the amended statute, the Commonwealth provided petitioner's counsel with notice of its intent to rely on the certificate of analysis on July 29, 2010. Resp. Ex. A at 4. Under these circumstances, the Supreme Court of Virginia's ruling was in accord with Strickland, supra, and is entitled to deference here. Williams, 529 U.S. at 412-13.

In claim (A)(4), petitioner contends that counsel was ineffective when he failed to move to set aside the verdict on the basis of Cypress, 699 S.E.2d at 206. The Virginia Supreme Court found no merit to this argument for the following reasons:

> The Court holds that this ... portion of claim (A) satisfies neither the 'performance' nor the 'prejudice' prong of the two part test enunciated in Strickland. Cypress addressed the constitutionality of

> former Code § 19.2-187.1, which had been amended at the time of petitioner's trial to comply with the Supreme Court's holding in Melendez-Diaz, 577 U.S. at 324-25. Counsel could reasonably have determined any motion to set aside the verdict based on this Court's ruling in Cypress would have been futile. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy v. Clarke, supra, slip op. at 4-5.

For the reasons explained by the Supreme Court of Virginia, a motion to set aside the verdict based on Cypress rightfully would have been denied. Therefore, the determination that counsel did not provide ineffective assistance in failing to make such a motion was in accord with Strickland, supra, and petitioner's claim warrants no federal relief.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 22nd day of April 2015.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge